FILED
97 MAY 30 AM 9:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHAWN DEVAL BROWN,   }
                     }
   Plaintiff,        }
                     }
v.                   }   CASE NO. CV 96-B-2124-S
                     }
CITY OF HUEYTOWN, a municipal }
corporation, HUEYTOWN POLICE  }
DEPARTMENT, JOHN F. TAYLOR,   }
in his capacity as Hueytown Police
Chief, DAVID HOGAN, in his
capacity as Hueytown Police Officer
and in his individual capacity,

   Defendants.

ENTERED
MAY 30 1997

## MEMORANDUM OPINION

This matter is before the court on the unopposed motion for summary judgment of defendants. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendants' motion is due to be granted.

This suit arises out of a car chase involving plaintiff Shawn Deval Brown ("plaintiff") and officers of the Hueytown Police Department. At approximately 3:15 a.m. on July 26, 1994, a dispatcher at the Hueytown Police Department received a 911 call from an individual who reported that two black males driving a white Camaro had robbed him at gunpoint. (Aff. of Sgt. Ken Alexander at 1-2). After receiving the details of the 911 call, officer David Hogan ("Hogan") and Sgt. Ken Alexander ("Alexander"), driving in separate patrol cars, spotted two black males driving a white Camaro. (*Id.* at 2). Both Hogan and Alexander turned on the patrol car blue lights, and thereafter, a high-speed chase ensued in which Alexander drove the lead car and Hogan followed. (*Id.*)

According to Alexander, the chase apparently ended when the driver of the Camaro pulled into the parking lot of a business, spun around, and came to a stop. (*Id.*) After Alexander and Hogan exited their patrol cars, the driver of the Camaro accelerated toward Officer Hogan in an apparent attempt to run over him. (*Id.* at 2-3). In response Hogan fired three shots at the white Camaro, but the car continued until it rammed the front left portion of Hogan's patrol car. (*Id.* at 3).

Officers approached the white Camaro and apprehended the two occupants. (*Id.*) The driver of the vehicle, who is the plaintiff in this case, informed Sgt. Alexander that his finger was cut. (*Id.*) Thereafter, an ambulance arrived and transported the plaintiff to Bessemer Carraway Hospital. (*Id.*)

At the scene of the incident, Officer Maze recovered a plastic bag found to contain twenty individually wrapped packets of cocaine, a marijuana cigarette, a blue pill, gun holster, and two stereo speakers that were reportedly taken in the robbery. (Aff. of Maze at 3). Later that morning, and on the route of the high-speed chase, Officer Maze recovered a blue Ruger that matched the description of the gun used in the robbery. (*Id.*)

On July 24, 1996, plaintiff filed suit, contending that the actions of defendants violated his constitutional and statutory rights. (Compl.) More specifically, plaintiff contends, inter alia, that defendants violated the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. §§ 1983, 1985, and 1988, and 18 U.S.C. § 245. (Compl. at ¶ 12).

On February 3, 1997, defendants filed the motion for summary judgment presently before the court. On April 9, 1997, and because the plaintiff is proceeding *pro se*, the court directed the Clerk of Court to send plaintiff by certified mail the express ten-day notice of the

2

summary judgment rules, his right to file affidavits or other materials in opposition to summary judgment, and the consequences of default.[1] *See McBride v. Sharpe*, 981 F.2d 1234, 1236 (11th Cir. 1993). The information mailed to plaintiff was returned to the Clerk of the Circuit Court for the Northern District of Alabama, marked "Return to Sender."

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

---

[1] On April 8, 1997, the court granted the motion of plaintiff's former attorney, Katrina Mu ' Min to withdraw as counsel for plaintiff, necessitating the mailing of the required Rule 56 notification requirements to plaintiff.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendants are entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of defendants. Thus, plaintiff has not only failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant a grant of summary judgment for defendants. Consequently, the court holds that the motion of defendants for summary judgment is due to be granted.

**DONE** this 30th day of May, 1997.

SHARON LOVELACE BLACKBURN
United States District Judge

4